UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY LEE FREEZE,

    Plaintiff,

v.                               Case No: 2:18-cv-307-FtM-99CM

DONALD SAWYER, NICOLE KNOX,
EDGARDO J. GOMEZ, and GENNA
MARX BRISSON,

    Defendants.
_____

## **ORDER OF DISMISSAL WIHTOUT PREJUDICE**

This matter comes before the Court upon initial review of the file. Plaintiff initiated this action by filing a *pro se* civil rights complaint form (Doc. #1) on May 3, 2018. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2). For the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Plaintiff is civilly committed to the Florida Civil Commitment Center ("FCCC") pursuant to the Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality

disorder has so changed that it is safe for the person to be at large." § 394.917(2). Despite Plaintiff's non-prisoner status, the Complaint remains subject to review under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), which requires the Court *sua sponte* to dismiss a case which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune. Id.; see Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)(wherein the Eleventh Circuit found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B)). Ordinarily, a pro se litigant must be given an opportunity to amend his complaint. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004). However, if an amendment would be futile, the district court may deny leave to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court, nonetheless, must read a *pro se* plaintiff's complaint in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**II.**

The Complaint names four defendants: Dr. Donald Sawyer, the Administrator of the FCCC; Dr. Nicole Knox, a clinical team leader at the FCCC; Edgardo Gomez, a clinical therapist at the FCCC; and, Genna Marx Brisson, Vice-President of Operations of Correct Care Recovery. Plaintiff contends that the inclusion of detailed

information of his underlying criminal offense in his Integrated Care Plan ("ICP") violates the Eighth and Fourteenth Amendments, as well as Articles Five and Seven of The Universal Declaration of Human Rights. Doc. 1 at 6.

Plaintiff reiterates verbatim the same claim he raised in his grievance to FCCC officials in the body of his Complaint.[1] In particular, Plaintiff states that, on March 26, 2018, he filed a grievance after Mr. Gomez brought a copy of his ICP that contained "detailed information of [his] offense." Id. at 11. Plaintiff complained to FCCC officials that the information "violates HIPPA law that such information cannot be on this document" and requested that "the specific information of [his] offense" be "removed and kept off the ICP" or he would "file a 1983 complaint." Id. Plaintiff submits that Defendant Dr. Knox's response to his informal grievance stating that "the information in [Plaintiff's] ICP is for treatment planning purposes and does not violate HIPPA" "intentionally circumvented the issue." Id. at 11. Plaintiff elected to forward his informal grievance to Defendant Dr. Sawyer.[2]

---

[1] Embedded within the body of the Complaint are an excerpt from Plaintiff's Integrated Care Plan which contains the material to which Plaintiff objects (Id. at 7) and a copy of Plaintiff's grievance and appeal he filed with FCCC officials regarding his claim, along with the responses from FCCC officials (Id. at 3-4).

[2] The FCCC Resident Grievance Form enables a resident who deems the grievance not resolved at the informal level to forward the grievance to the Facility Administrator for resolution. Doc. 1 at 3.

Plaintiff avers that Defendant Dr. Sawyer "showed deliberate indifference when he denied the grievance with the following response: 'There is no violation. Accurately capturing all aspects of your history [and] treatment is beneficial to you and will assist in your progress in the Comprehensive Treatment Program.'" Id. Plaintiff then submitted an appeal claiming "[d]etailed information of my criminal offense . . . not only violates HIPPA, it constitutes as degrading treatment purposely imposed by this facility contrary to Article 5 of the Universal Declaration of Human Rights." Id. at 12. Further, Plaintiff maintained that the "information is also illegal profiling." Id. Plaintiff avers that Defendant Brisson "showed deliberate indifference when she denied the grievance with the following response: 'Outlining criminal history in a treatment plan does not violate Article 5.'" Id. As relief, Plaintiff seeks, *inter alia*, $50,000 per day from each Defendant and an order directing "this information be removed permanently." Id. at 13.

## III.

Plaintiff suggests that the inclusion of Plaintiff's underlying criminal offense in his Comprehensive Treatment Plan violates HIPPA and the Universal Declaration of Human Rights and consequently violates Plaintiff's constitutional rights. The Health Insurance and Portability and Accountability Act ("HIPPA") generally provides for confidentiality of medical records. 42

U.S.C. §§ 1301 d-1 to d-7. See also 45 C.F.R. § 164.502. The Act provides for both civil and criminal penalties for improper disclosures of medical information and limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6. The Eleventh Circuit has determined that HIPAA contains no express provision creating a private cause of action, or rights enforceable pursuant to 42 U.S.C. § 1983. Sneed v. Pan Am. Hosp., 370 F. App'x 47, 50 (11th Cir. 2010). Even assuming *arguendo* that the nature of Plaintiff's underlying offense constitutes "medical information" to fall within the purview of HIPPA, the Court does not have jurisdiction over Plaintiff's asserted claim because HIPPA does not provide for a private cause of action.

Further, Section 1983 provides litigants with a cause of action based on "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The rights promulgated under the Universal Declaration of Human Rights ("UDHR") are not federal rights. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004). Consequently, Plaintiff cannot base a § 1983 action on an alleged violation of the UDHR. Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014).

Finally, liberally construing the Complaint, the Court finds no viable Fourth Amendment violation. Information of Plaintiff's underlying criminal offense furnished to officials for Plaintiff's

treatment purposes could not be characterized as a violation of Plaintiff's right to privacy under these circumstances. See <u>Tosh v. Buddies Supermarkets, Inc.</u>, 482 F.2d 329, 332(5th Cir. 1973); <u>Irwin v. Miami-Dade Cty. Pub. Sch.</u>, 398 F. App'x 503, 507 (11th Cir. 2010).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint (Doc. #1) is **dismissed without prejudice.**

2. The Clerk of Court shall terminate any pending motions and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of June, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record