UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY LEE FREEZE,

    Plaintiff,

v.                          Case No: 2:18-cv-307-FtM-29CM

DONALD SAWYER, NICOLE KNOX,
EDGARDO J. GOMEZ, and GENNA
MARX BRISSON,

    Defendants.

_____

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment or Order and/or Motion for Reconsideration (Doc. #11) filed on July 2, 2018. Plaintiff moves the Court, pursuant to Fed. R. Civ. P. 60(b), to reconsider its June 11, 2018, Order (Doc. #6) dismissing this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. #11 at 1). Plaintiff states that "through his own mistaken omission" he failed "to submit material evidence" that resulted in the Court finding his Complaint failed to state a claim for relief. (Id. at 1-2, ¶¶ 1-3). In support, Plaintiff attaches as an exhibit his State of Florida Inmate Posting Sheet dated June 2000, and "Notice of Release Pursuant to Florida State 394.910-394.930, 'Jimmy Ryce Act'" dated July 24, 2000(Doc. #11-1). Plaintiff further submits that the

evidence "shows that his civil commitment is unconstitutional." (Id. at 2, ¶4).

At the outset, the instant motion was filed after Plaintiff filed his notice of appeal (Doc. #9) on June 25, 2018. Normally, the filing of **a** notice of appeal divests **a** district court of jurisdiction over issues involved in the appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). Federal Rule of Appellate Procedure 4(a)(4) grants this Court with jurisdiction to dispose of a Rule 60 motion if filed no later than 28 days after judgment is entered but before a notice of appeal effectively places jurisdiction in the Court of Appeals. See Fed. R. App. P. 4(a)(4)(A)(vi) and 4(a)(4)(B)(i); Mahone, 326 F.3d at 1179. Consequently, the Court has jurisdiction to consider the motion.

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2017). The purpose of Rule 60(b) is to define the specific circumstances under which a party may obtain

relief from a final judgment or order. Motions under this rule are directed to the sound discretion of the court. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006); Mahone v. Ray, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003); Weiss v. Warden, 703 F. App'x 789, 791 (11th Cir. July 24, 2017). Rule 60(b)(6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Aldana v. DelMonte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). To be entitled to relief under this provision, Plaintiff must show that "absent such relief, an extreme and unexpected hardship will result." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020, (11th Cir. 2001) (internal quotations and citations omitted). A motion for **r**econsideration "cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted).

Liberally construed, the Court considers Plaintiff's motion as falling within Rule 60(b)(2) (existence of newly discovered evidence). To succeed under Rule 60(b)(2), a party must prove five elements: (1) the evidence must be newly discovered since the pertinent ruling; (2) the party must have exercised due diligence in discovering the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and

(5) the evidence must be of such a nature that the ruling would probably be different. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). A Rule (b)(2) motion is "an extraordinary motion and the requirements of the rule must be strictly met." Id. (citations omitted). Evidence in a party's possession prior to entry of judgment cannot be "newly discovered." Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir.1987); Gundotra v. IRS, 160 F. App'x 834, 836 (11th Cir. 2005)

Plaintiff does not allege that he was not in possession of the alleged "material evidence" and, given the documents' respective dates and nature, the Court finds the evidence does not qualify as newly discovered evidence. Regardless, the evidence is not material to the claims raised by Plaintiff in his § 1983 civil rights complaint. The gravamen of Plaintiff's complaint was that information concerning the nature of his underlying offense which was included in Comprehensive Treatment Plan violated HIPPA and Universal Declaration of Human Rights. In dismissing the Complaint, the Court found that HIPPA does not provide for a private cause of action and rights promulgated under the Universal Declaration of Human Rights are not federal rights. Consequently, neither Plaintiff's State of Florida Inmate Posting Sheet dated June 2000, nor Plaintiff's "Notice of Release Pursuant to Florida State 394.910-394.930, 'Jimmy Ryce Act'" dated July 24, 2000, bear upon the claims raised in the Compliant. Further, Plaintiff did

not allege in his Complaint that his confinement was unconstitutional, and nor could he. To the extent that Plaintiff challenges the fact, as opposed to the conditions of his confinement, he is required to file a habeas corpus petition, not a civil rights complaint.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Relief from Judgment or Order and/or Motion for Reconsideration (Doc. #11) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of July 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record